```
            IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF TEXAS
                     HOUSTON DIVISION
```

| | | |
|---|---|---|
| HARTFORD FIRE INSURANCE COMPANY, | § § § | |
| Plaintiff, | § § § | |
| v. | § § | CIVIL ACTION NO. H-05-2078 |
| LEON HUTCHINSON as Next Friend of SYLVIA HUTCHINSON, a Minor, MEMORIAL HERMANN HOSPITAL SYSTEMS, and ALLIANZ AUSTRALIA INSURANCE LIMITED | § § § § § § § | |
| Defendants. | § | |

<u>MEMORANDUM AND ORDER</u>

Pending is Defendant Allianz Australia Insurance Limited's Motion to Dismiss for Lack of Personal Jurisdiction (Document No. 17). Plaintiff has not filed a response and, in accordance with Local Rule 7.4, the motion is deemed unopposed. After having carefully reviewed the motion and the applicable law, the Court concludes that the motion should be granted.

On June 15, 2005, Plaintiff Hartford Fire Insurance Company ("Hartford") filed its Complaint in Interpleader, seeking to relieve Hartford from all claims of Leon Hutchinson, as next friend of Sylvia Hutchinson, Memorial Hermann Hospital Systems, and/or Allianz Australia Insurance Limited ("Allianz") to the proceeds of an automobile insurance policy, Hartford Policy No. 33-PH-774278

(the "Policy"). *See* Document No. 1.[1] On June 30, 2005, Hartford served the Complaint via international registered mail on Allianz, an Austrialian insurance company with its principal place of business in Sydney, Australia. *See* Document Nos. 9; 17 at 2, ex. A ¶ 3. Allianz now moves to dismiss all claims against it on the ground that the Complaint's jurisdictional allegations are insufficient to establish personal jurisdiction over Allianz. Specifically, Allianz argues that (1) it did not commit any act substantially related to this lawsuit in Texas, nor has it engaged in continuous and systematic activities in Texas; (2) it does not conduct business in Texas or in any other part of the United States; (3) it has not made a demand for insurance proceeds in Texas; (4) it is not the entity that issued a travel insurance policy to the Hutchinson family; and (5) the exercise of jurisdiction over it in Texas was unforeseeable and would offend traditional notions of fair play and substantial justice. Document No. 17 at 2-3.

A federal court may exercise personal jurisdiction over a nonresident defendant if: (1) the long-arm statute of the forum state confers personal jurisdiction over that defendant; and (2) the exercise of such jurisdiction comports with due process under the United States Constitution. *See* Electrosource, Inc. v.

---

[1] On February 22, 2006, Hartord dismissed Defendant Memorial Hermann Hospital Systems from the suit pursuant to Federal Rule of Civil Procedure 41(a)(1). *See* Document Nos. 19-20.

2

Horizon Battery Techs., Ltd., 176 F.3d 867, 871 (5th Cir. 1999). Because the Texas long-arm statute has been interpreted to extend as far as due process permits, the sole inquiry is whether the exercise of personal jurisdiction over a nonresident defendant comports with federal constitutional due process requirements. Id.

Due process requirements for exercising personal jurisdiction over a nonresident have been defined by the United States Supreme Court in a familiar body of case law. Stuart v. Spademan, 772 F.2d 1185, 1189 (5th Cir. 1985). The due process inquiry focuses upon whether the nonresident defendant has "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" Int'l Shoe Co. v. Washington, 66 S. Ct. 154, 158 (1945). "A defendant establishes minimum contacts with a state if 'the defendant's conduct and connection with the forum state are such that [the defendant] should reasonably anticipate being haled into court there.'" Nuovo Pignone, SpA v. Storman Asia M/V, 310 F.3d 374, 379 (5th Cir. 2002) (quoting Burger King Corp. v. Rudzewicz, 105 S. Ct. 2174, 2183 (1985)). "There must be some act whereby the [nonresident] defendant 'purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws.'" Id.

Two types of personal jurisdiction are recognized: (1) specific; and (2) general. Specific jurisdiction exists when

3

the cause of action relates to or arises out of the defendant's contacts with the forum. *See* Helicopteros Nacionales de Colombia, S.A. v. Hall, 104 S. Ct. 1868, 1872 n.8 (1984). "[T]he 'minimum contacts' requirement is satisfied, and 'specific' jurisdiction is proper, so long as that contact resulted from the defendant's purposeful conduct and not the unilateral activity of the plaintiff." Bearry v. Beech Aircraft Corp., 818 F.2d 370, 374 (5th Cir. 1987) (citing World-Wide Volkswagen Corp. v. Woodson, 100 S. Ct. 559, 567-68 (1980)). "The contacts with the forum State must be such that it is foreseeable that the defendant 'should reasonably anticipate being haled into court there.'" Electrosource, 176 F.3d at 872 (quoting World-Wide Volkswagen, 100 S. Ct. at 567). "A single act by the defendant directed at the forum state, therefore, can be enough to confer personal jurisdiction if that act gives rise to the claim being asserted." Ruston Gas Turbines, Inc. v. Donaldson Co., Inc., 9 F.3d 415, 419 (5th Cir. 1993) (citations omitted). When the issue is one of specific jurisdiction, a court must examine the relationship among the defendant, the forum, and the litigation. *See* Helicopteros, 104 S. Ct. at 1872.

Alternatively, general jurisdiction may be exercised over a defendant who has systematic and continuous contacts with the forum. *See* Helicopteros, 104 S. Ct. at 1872-73; Alpine View Co. Ltd. v. Atlas Copco AB, 205 F.3d 208, 215 (5th Cir. 2000).

4

"General jurisdiction can be assessed by evaluating contacts of the defendant with the forum over a reasonable number of years, up to the date the suit was filed." Access Telecom, Inc. v. MCI Telecomms. Corp., 197 F.3d 694, 717 (5th Cir. 1999). The defendant's contacts with the forum must be substantial to warrant the exercise of general jurisdiction. Alpine View, 205 F.3d at 217.

When an evidentiary hearing on the question of personal jurisdiction is not conducted, the party seeking to establish jurisdiction bears the burden of presenting a prima facie case of personal jurisdiction. Id. at 215; Wien Air Alaska, Inc. v. Brandt, 195 F.3d 208, 211 (5th Cir. 1999). Proof by a preponderance of the evidence is not required. Kelly v. Syria Shell Petroleum Dev. B.V., 213 F.3d 841, 854 (5th Cir. 2000); Asociacion Nacional de Pescadores a Pequena Escala O Artesanales de Colombia (ANPAC) v. Dow Quimica de Colombia S.A., 988 F.2d 559, 567 (5th Cir. 1993); WNS, Inc. v. Farrow, 884 F.2d 200, 203 (5th Cir. 1989). A plaintiff may present a prima facie case by producing admissible evidence which, if believed, would suffice to establish the existence of personal jurisdiction. See WNS, Inc., 884 F.2d at 203-04. Uncontroverted allegations in the plaintiff's complaint must be taken as true, and conflicts between the facts contained in the parties' affidavits and other documentation must be construed in the plaintiff's favor. See Alpine View, 205 F.3d at 215.

In support of its Motion to Dismiss, Allianz submits the affidavit of one of its managers, Peter Thomas Dewey, in which he avers that Allianz has no offices, employees, bank accounts, or property in Texas; is not registered to do business in Texas; does not advertise or otherwise solicit business or offer any insurance products in Texas; does not maintain a mailing address or telephone listing in Texas; and has no sales agents in Texas. *See* Document No. 17 ex. A ¶ 3.  Allianz also notes that it did not issue a travel insurance policy to the Hutchinsons; rather, that policy was issued by ETI Australia Pty. Ltd.  *See* Document No. 5 (attachments to the Hutchinson Defendants' Answer); *see also* Document No. 11 ¶ 1.f (Discovery/Case Management Plan).  Having filed no response to Allianz's motion, Hartford has not challenged this evidence or otherwise met its burden of establishing a prima facie case of personal jurisdiction over Allianz.

Accordingly, it is

ORDERED that Defendant Allianz Australia Insurance Limited's Motion to Dismiss for Lack of Personal Jurisdiction (Document No. 17) is GRANTED, and Allianz is DISMISSED from this action.

The Clerk shall notify all parties and provide them with a true copy of this Order.

SIGNED at Houston, Texas on this 6th day of April, 2006.

                                                  EWING WERLEIN, JR.
                                      UNITED STATES DISTRICT JUDGE